UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Samson Sanders, # 04005-015, | ) C/A No.: 4:10-2980-RMG-TER |
| Petitioner, | ) |
| vs. | ) REPORT AND RECOMMENDATION |
| Warden John Owens, | ) |
| Respondent. | ) |

The *pro se* petitioner filed a petition for writ of habeas corpus on November 17, 2010, pursuant to 28 U.S.C. § 2241[1]. Respondent filed a Motion to Dismiss or in the Alternative for Summary Judgment on April 27, 2011. The undersigned issued an order filed April 28, 2011, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), advising petitioner of the Motion to Dismiss/Motion for Summary Judgment procedure and the possible consequences if he failed to respond adequately. Petitioner failed to file a response.

A. RULE 41(B) DISMISSAL

A complaint may be dismissed pursuant to Rule 41 (b) of the Federal Rules of Civil Procedure for failure to prosecute and/or failure to comply with orders of the court. Ballard v. Carlson, 882 F.2d 93 (4th Cir. 1989), cert. denied 493 U.S. 1084 (1990) and Chandler Leasing Corp. v. Lopez, 669 F.2d 919 (4th Cir. 1982). In considering whether to dismiss an action pursuant to Rule 41(b), the court is required to consider four factors:

---

[1] This habeas corpus case was automatically referred to the undersigned United States magistrate judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Rule 19.02 (B)(2)(c), DSC. Because this is a dispositive motion, this report and recommendation is entered for review by the district judge.

    (1)    the degree of plaintiff's responsibility in failing to respond;

    (2)    the amount of prejudice to the defendant;

    (3)    the history of the plaintiff in proceeding in a dilatory manner; and,

    (4)    the existence of less drastic sanctions other than dismissal.

<u>Davis v. Williams</u>, 588 F.2d 69 (4th Cir. 1978).

      In the present case, the petitioner is proceeding <u>pro se</u> so he is entirely responsible for his actions. It is solely through petitioner's neglect, and not that of an attorney, that no responses have been filed. Petitioner has not responded to respondent's Motion to Dismiss/Motion for Summary Judgment, or the court's Order requiring him to respond. The undersigned concludes the petitioner has abandoned his lawsuit. No other reasonable sanctions are available. Accordingly, it is recommended that this action be dismissed pursuant to Fed. R. Civ. Proc. 41(b).

                                     Respectfully submitted,

                                       <u>s/Thomas E. Rogers, III</u>
                                       Thomas E. Rogers, III
                                       United States Magistrate Judge

June <u>20</u>, 2011
Florence, South Carolina

**    The parties' attention is directed to the important information on the attached notice.**